UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STURGEON, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )     No. 20-1265 |
| | ) |
| WOODFORD COUNTY JAIL, et. al., | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified three Defendants including Graham Correctional Center, the Mason County Jail, and the Woodford County Jail. [1]. Plaintiff says he wishes to file a lawsuit because each location is "dirty," "staff conduct is dangerous," and he now has a skin disease. (Comp, p. 2, 7). There are several problems with Plaintiff's complaint.

First, Plaintiff cannot combine his claims against different individuals at different facilities in one complaint. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be

1

joined with unrelated Claim B against Defendant 2). Instead, Plaintiff must file three separate lawsuits and pay three separate filing fees if he wishes to pursue litigation concerning his stay at all three institutions.

Second, Plaintiff cannot sue a jail or a correctional center because they are buildings and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). Plaintiff must instead identify the specific individuals who violated his constitutional rights.

For instance, to hold a person liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

Third, Plaintiff must provide more than a general statement of his claims and instead must provide a brief factual basis. Factual allegations in a complaint must provide enough detail to give "'fair notice of what the ... claim is and the grounds upon

which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(add'l citation omitted). For instance, if Plaintiff believes the living conditions at the Woodford County Jail violated his constitutional rights, he should state when he was at the jail, what cell or housing unit he was in, and describe the conditions as well as the impact those conditions had on him. In addition, Plaintiff should name Defendants who knew about the conditions, but chose not to do anything.

Plaintiff is also reminded before he can pursue any claim in Federal Court, he must be able to demonstrate he exhausted all available administrative remedies. *See* 42 U.S.C. §1997e(a). In other words, if a facility had a grievance procedure and Plaintiff was able to use it, then Plaintiff must demonstrate he filed a grievance concerning his allegations and filed the necessary appeals.

The Court also notes Plaintiff has submitted separate filings which includes various exhibits. [4, 10]. The filings do not clarify his intended claims and include unrelated information concerning his arrest. Plaintiff must instead clearly state his claims in his complaint and should not attach exhibits.

Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff additional time to file an amended complaint in compliance with this order. Plaintiff must decide if he wishes to pursue his claims against Graham Correctional Center or the Mason County Jail or the Woodford County Jail in this lawsuit. Any claims must be limited to the institution Plaintiff chooses. The

amended complaint must stand on its own, include all claims and Defendants, and not refer to any previous complaint or filing.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before December 8, 2020.  If Plaintiff fails to file his amended complaint on or before December 8, 2020, or fails to follow the Court's directions, his case may be dismissed.

3) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 21 days.

ENTERED this 16th day of November, 2020.


                                        s/James E. Shadid
                          _____
                                        JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE