E-FILED
Friday, 11 December, 2020  04:30:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID STURGEON,                    )
   Plaintiff,                    )
                                        )
   vs.                    )          No. 20-1265
                                          )
WOODFORD COUNTY JAIL, et. al.,     )
   Defendants.                    )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [19].

I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* November 16, 2020 Merit Review order. Plaintiff provided only a general statement of his allegations which failed to provide proper notice of any intended claims.

In addition, Plaintiff identified three Defendants: Graham Correctional Center, the Mason County Jail, and the Woodford County Jail.  Plaintiff was advised he could not sue a jail or a correctional center because they were buildings and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

1

Plaintiff would instead need to identify the specific individuals who were responsible for his claims and indicate how they were involved.

In addition, Plaintiff was admonished he could not combine claims against different individuals at different facilities in one complaint. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). If Plaintiff wanted to pursue all of his claims, he could file separate lawsuits and pay separate filing fees.  However, Plaintiff would have to narrow his claims to one location in this lawsuit.

Therefore, Plaintiff was given additional time to file an amended complaint and directions to assist in clarifying his claims.

> For instance, if Plaintiff believes the living conditions at the Woodford County Jail violated his constitutional rights, he should state when he was at the jail, what cell or housing unit he was in, and describe the conditions as well as the impact those conditions had on him.  In addition, Plaintiff should name Defendants who knew about the conditions, but chose not to do anything. November 16, 2020 Merit Review Order, p. 3.

Finally, Plaintiff was admonished he should "clearly state his claims in his complaint and should not attach exhibits." November 16, 2020 Merit Review Order, p. 3.

Plaintiff has now filed his motion for leave to file an amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [19].

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies three Defendants: the Mason County Jail, the Woodford County Jail, and Woodford County Jail Superintendent Denny Wertz.  As the Court has previously advised Plaintiff, he cannot sue a building, therefore Plaintiff cannot proceed with his claims against either jail.

Plaintiff has also attached several exhibits to his complaint.  At points in the document, it is unclear whether some of the attachments are exhibits or instead intended to be an extension of the complaint. (Amd. Comp., p. 16, 18 -21, 24-25).  Since the first eight pages contain a complete complaint form, the Court will only consider the claims in this portion of the document. (Amd. Comp., p. 1-8).

Plaintiff says from July 24, 2019 to his release from the Woodford County Jail on October 18, 2019 he suffered with a "really bad rash" on his back. (Amd. Comp, p. 5).  Plaintiff says he complained to unspecified staff at the jail, but they never provided him any treatment.  In addition, Plaintiff says they "never cleaned the cells properly." (Amd. Comp., p. 5).  He slept on a mattress on the floor for a week and went without a shower for one or two weeks.  Plaintiff says he was bitten by bugs which left scars on his feet.

A doctor examined Plaintiff two days after his release and diagnosed Plaintiff with folliculitis which the doctor said was the result of Plaintiff living in "a crowded place." (Amd. Comp., p. 5). The Court notes folliculitis is "a commons skin condition in which hair follicles become inflamed" and is typically caused "by a bacterial or fungal infection."[1]

Plaintiff also says he does not believe the Woodford County guards performed proper checks on inmates.  Plaintiff then compares the jail to Graham Correctional Center.  Plaintiff provides vague allegations about his stay at the Graham Correctional Center during an unspecified time period. Plaintiff again says there needs to be an investigation into "all the countys." (Comp., p. 8).

Finally, Plaintiff complains the unspecified charges he faced were "made up" and the result of "bias" by an officer and states attorney. (Amd. Comp., p. 5).

Plaintiff has wholly ignored the Court's previous directions and as a result, he has failed to articulate a constitutional violation.  It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee during his stay at the Woodford County Jail. Therefore, the Court cannot determine if his claims concerning medical care or living conditions are pursuant to the Eighth Amendment or the Fourteenth Amendment. *See Mrianda v. County of Lake,* 900 F.3d 335 (7th Cir. 2018*).* In either case, the alleged conditions must be objectively serious, and the prison official must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309.

---

[1] See MAYO CLINIC, FOLLICULITIS, https://www.mayoclinic.org/diseases-conditions/folliculitis/symptoms-causes/syc-20361634

It is not clear whether Plaintiff's skin condition rises to the level of a serious medical condition.  For the purpose of notice pleading, the Court finds the allegation is sufficient since Plaintiff received medical treatment.  However, Plaintiff has not explained how Jail Superintendent Denny Wertz is involved in a denial of medical care, and Plaintiff has not identified any medical staff as Defendants.  Did Plaintiff submit any requests for medical care or discuss his condition with any medical provider?  When did he submit those requests or when did he see a medical provider?  What response did he receive?

In addition, Plaintiff has not mentioned the Jail Superintendent's involvement in any claim concerning his living conditions. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).  Did Plaintiff complain about his living conditions to any specific individual?  When and how?  Did the Jail Superintendent know about Plaintiff's specific living conditions?  When and how?

The remainder of Plaintiff's allegations fail to articulate a violation of his constitutional rights.  Plaintiff has not provided any factual basis for his allegations concerning his criminal conviction, nor is it clear if he was convicted of any charges.  The only mention of Mason County is in the list of Defendants. Plaintiff has not provided a factual basis for any claims involving Graham Correctional Center, and even

5

if he had, Plaintiff cannot combine claims against Woodford County, Mason County, and Graham Correctional Center in complaint. *See George,* 507 F.3d at 607.

Therefore, Plaintiff's amended complaint is again dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard*, 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

The Court will allow Plaintiff one FINAL opportunity to file an amended complaint. However, if the Plaintiff again ignores the Court's specific directions, his case will be dismissed with prejudice. *See Wilson v. Bruce*, 400 Fed. Appx 106, 109 (7th Cir. 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not

include license to disregard the court's orders.").  Plaintiff's second amended complaint MUST follow the following directions:

1) Plaintiff must limit his claims to allegations at one facility.  Therefore, if Plaintiff chooses to pursue claims involving the Woodford County Jail, he must not mention issues at any other facility.

2) Plaintiff's amended complaint must clearly and concisely state his claims in the body of his complaint. NO exhibits of any kind should be attached.

3) For each claim, Plaintiff must identify the individual or individuals involved. Plaintiff must not name a building or jail as a Defendant.  If Plaintiff is unsure of an individual's name, he must instead provide either a physical description, or other identifying information such as male or female, job title, hours worked, and specifically what interaction Plaintiff had with the Defendant.

4) For each claim, Plaintiff must indicate when the allegation or incident happened, where it happened, and what happened.  For instance, if Plaintiff is alleging he was denied medical care for his rash, Plaintiff should first describe his medical condition (rash) and the impact it had on him.  Plaintiff should state what effort he made to obtain medical care including how he tried to obtain medical care, and when he tried to obtain medical care.  Finally, Plaintiff should indicate what response he received and now the named Defendant was involved in failing to provide medical care.

5) Plaintiff should indicate if he was a pretrial detainee or a convicted prisoner. In other words, was Plaintiff already in custody serving a sentence on a criminal conviction or was Plaintiff not yet convicted of any criminal offense?

Plaintiff should use the complaint form provided by the Court and MUST follow the five specific directions outlined above. Failure to abide by the Court's specific directions will result in the dismissal of this lawsuit.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted. [19]

2) Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted, a violation of Rule 8 of the Federal Rules of Civil Procedure, and failure to follow Court orders.

3) Plaintiff must file an amended complaint in compliance with this order on or before January 7, 2021. If Plaintiff fails to file his amended complaint on or before January 7, 2021 or fails to follow the Court's specific directions, his case will be dismissed with prejudice.

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days.

ENTERED this 11th day of December, 2020.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

8