E-FILED
Friday, 19 March, 2021  01:56:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STURGEON, | ) | |
|   Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-1265 |
| | ) | |
| WOODFORD COUNTY JAIL, et. al., | ) | |
|   Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's second motion for leave to file an amended complaint. [22].

I. BACKGROUND

Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* November 16, 2020 Merit Review order. Plaintiff provided a vague statement of his allegations and identified three Defendants: Graham Correctional Center, the Mason County Jail, and the Woodford County Jail.  Plaintiff was advised he could not sue a jail or a correctional center because they were buildings and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See* November 16, 2020 Merit Review Order, p. 2, *citing White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Plaintiff was further admonished he could not combine unrelated claims against different individuals at different facilities in one complaint. *See George v Smith,* 507 F.3d

1

605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Plaintiff was advised if he still wished to pursue all claims, he could file separate lawsuits and pay separate filing fees.  Ultimately, Plaintiff was given additional time to file an amended complaint and directions to assist in clarifying his claims. *See* November 16, 2020 Merit Review Order, p. 3.

Plaintiff's first amended complaint Plaintiff "wholly ignored the Court's previous directions and as a result, he has failed to articulate a constitutional violation." December 11, 2020 Merit Review Order, p. 4.  Therefore, Plaintiffs first amended complaint was also dismissed, and Plaintiff was allowed one final opportunity to amend.  The Court again reviewed the deficiencies in the pleading and provided specific instructions to assist the Plaintiff in clarifying his claims. *See* December 11, 2020 Merit Review Order.

## II. MERIT REVIEW

Plaintiff has now filed his motion for leave to file a second amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [22].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's Defendants include Woodford County Jail Administrator Denny Wertz, Graham Correctional Center Warden Glen Austin, and the Mason County Jail Administrator.  It is difficult to decipher Plaintiff's intended claims.  Plaintiff refers to lawsuit #1 and lawsuit #3, but as the Court has repeatedly explained, Plaintiff cannot bring unrelated claims against different Defendants in one lawsuit and pay one filing fee. *See* November 16, 2020 Merit Review Order, p. 1-2; December 11, 2020 Merit Review Order, p.  2.

Plaintiff initially states, "this lawsuit #1 focus (is) on Denny Wertz at the Woodford County Jail." (Sec. Amd. Comp., p. 5). Plaintiff was at the jail from July 24, 2019 to his release on October 18, 2019.  (First Amd. Comp., p. 5).  Plaintiff alleges after his release, he went to the emergency room where a doctor told him he had an infection or folliculitis on his back due to his incarceration. The Court notes folliculitis is "a commons skin condition in which hair follicles become inflamed" and is typically caused "by a bacterial or fungal infection.";[1] *see also Williams v. Jaimet*, 2017 WL 6060397, at *3 (S.D.Ill. Dec. 7, 2017("given the allegations of pain and infection, "court cannot determine if folliculitis is a serious medical condition at the pleading stage).

Plaintiff has alleged the unsanitary conditions in the Woodford County Jail were the cause of his condition.  Plaintiff admits he was given cleaning supplies, but he claims it simply spread the infection "from one cell to another." (Sec. Amd. Comp., p. 9).

---

[1] See MAYO CLINIC, FOLLICULITIS, https://www.mayoclinic.org/diseases-conditions/folliculitis/symptoms-causes/syc-20361634 (last visited March 19, 2021).

Plaintiff does not allege he sought medical care for his condition while incarcerated or that he even reported his condition while in the jail.  Therefore, it appears Plaintiff is stating a claim based on his living conditions.  Giving Plaintiff the benefit of all inferences, Plaintiff is also claiming Defendant Wertz was aware of the problem because it was so widespread, and it impacted other inmates.

It is more difficult to discern Plaintiff's remaining claims. Plaintiff says he was in the Macon County Jail at an unspecified time and he was left in a suicide cell for a week without a shower.  At some other point, additional inmates also move into the cell.  Plaintiff says he suffered with multiple bug bites, but staff did not take his complaints seriously.

As for the Graham Correctional Center, the Court is uncertain of the basis of Plaintiff's allegations.  Plaintiff mentions unspecified plumbing difficulties. Plaintiff also says he was left in a paper uniform for 10 days.  In addition, Plaintiff says no one responded when he pushed a panic button.  It is unclear why he needed assistance.

Plaintiff also continues to ask for an investigation of all jails as well as the Graham Correctional Center for human rights violations.  And Plaintiff again refers to his arrest and problems with the Eureka City Police Department and the States Attorney. *See* December 11, 2020 Merit Review Order, p. 4, 5

Plaintiff cannot proceed with his myriad of claims in one lawsuit.  The Court has twice admonished Plaintiff that he must limit his claims, twice provided instructions, and twice allowed Plaintiff to pick which claims he wished to pursue.

Giving Plaintiff the benefit of notice pleading, he has articulated a claim against Woodford County Jail Administrator Denny Wertz based on his living conditions. Since the Court cannot clearly decipher Plaintiff's remaining claims, the Court will not divide his other claims and Defendants into separate lawsuits. If Plaintiff still wishes to pursue his claims, he may, for instance, file a separate complaint against Defendants at the Graham Correctional Center and pay a separate filing fee. The complaint must identify Plaintiff's specific claims including who was involved and when the allegations occurred. **However, Plaintiff is admonished his claims in this lawsuit are now limited to the Woodford County Jail.**

In addition, while Plaintiff has alleged a violation of his constitutional rights, Plaintiff must clarify if he was a pretrial detainee or a convicted inmate before the Court can determine whether his claims are pursuant to the Fourteenth Amendment of the Eighth Amendment. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (articulating different standards for conditions claims brought by pretrial detainees and prisoners).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the second amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Woodford County Jail Administrator Denny Wertz violated his constitutional rights based on his living conditions at the jail from July 24, 2019 to October 18, 2019 which lead to folliculitis. The claims is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the

Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

7

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file a second amended complaint, [22]; 2) Add Defendant Woodford County Jail Administrator Denny Wertz and dismiss all other Defendants for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 19th day of March, 2021.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE